BOWES, Judge.
The present appeal has been perfected by defendant Alden Bruce Netterville from a judgment of July 29, 1986, ordering him to withdraw from the primary election of September 27, 1986, for either the office of Chief of Police for the City of Harahan or Home Rule Charter Commissioner for the City of Harahan.[1] We affirm.
On July 24, 1986, Susanne R. Richard, a registered voter of the City of Harahan, Parish of Jefferson, filed a petition objecting to the candidacy of Alden Bruce Net-terville in the primary election scheduled for September 27, 1986. The petition alleged that the defendant qualified to become a candidate in that election for more than one office, to wit: Chief of Police of the City of Harahan and Home Rule Charter Commissioner, City of Harahan. Therefore, plaintiff asserts that defendant has violated the dual candidacy laws. LSA-R.S. 18:453(A).
Mr. Netterville filed an exception of no right and no cause of action; the only other responsive pleading was a general denial filed by the Commissioner of Elections, the Secretary of State, and the Registrar of Voters for Jefferson Parish. The office of the Attorney General was represented at the hearing.
All pertinent facts in this litigation were stipulated: there was no question of Ms. Susanne R. Richard’s standing to file the suit; there was no question of Mr. Bruce Netterville’s qualifications for either position, that of Police Chief or Home Rule Charter Commissioner.
The sole question at trial was whether or not Mr. Netterville can legally qualify for both positions in the same primary election, as he had sought to do, in view of the restraint provided by LSA-R.S. 18:453 that:
A. General prohibitions. A person shall not become a candidate in a primary or general election for more than one office unless one of the offices is membership on a political party committee, nor shall a person be a candidate at the same time for two or more different offices to be filled at separate elections.
The thrust of defendant’s position is that the role of Home Rule Charter Commissioner is not an office within the intendment of the statute; and that while he sought election to two different positions, only one, Police Chief, represents an “office” and the other, Home Rule Charter Commissioner, represents something other than an office.
The trial court found that the position of Home Rule Charter Commissioner is a pub- *243 lie office and must be construed as such in interpreting LSA-R.S. 18:453.
Defendant attempted to analogize R.S. 18:453 to R.S. 42:66 which holds in pertinent part:
A. Nothing in this Part shall be construed to prohibit any of the following classes of officials or employees from serving in other offices or employments:
[...]
(3) Delegates to and employees of any constitutional convention or any charter commission.
Defendant reasoned that if a delegate or employee of any charter commission can serve in another office, then anyone with the appropriate qualifications could not only serve in both positions at the same time but could also run for election for both simulatenously. Further, defendant avers, the legislature sees no conflict in someone serving both positions, concluding that “The legislature has not intended a Home Rule Charter Commissioner or a constitutional convention delegate to be a public officer.”
In his reasons for judgment, the trial judge stated:
While the subject matter of LSA-R.S. 18:453 (dual qualifications) might be analogous to the subject matter of LSA-R.S. 42:63, et seq. (dual office holding), they nevertheless remain separate and distinct; the legislature has simply chosen to address two somewhat similar problems in two different ways.
[...]
It has been suggested to this Court that LSA-R.S. 18:453 and LSA-R.S. 42:63 deal with similar subject matter and that one already holding office would not, under the latter statute, be precluded from qualifying for election as a Home Rule Charter Commission member. But, if that is so, it is so because the legislature specifically enumerated the exemptions to LSA-R.S. 42:63 in LSA-R.S. 42:66, which includes in subsection (3) an exemption in the case of “any Charter Commission.” The legislature had the opportunity to provide the same exemptions to the operation of LSA-R.S. 463 but chose not do so.
We agree with the erudite trial judge in this finding. LSA-R.S. 42:62(1) contains the following definition:
“Elective office” means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
The position of home rule charter commissioner is established and authorized by LSA-R.S. 33:1395 et seq. R.S. 33:1395.1 (A) states that each member of such commission shall be elected or appointed “in the manner provided by the governing authority of the municipality or parish,” and provide for the duration of office.
Therefore, here, the position of home rule charter commissioner is an “elective office” within the meaning of R.S. 42:62.
R.S. 1:3 provides:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word “shall” is mandatory and the word “may” is permissive.
Interpreting R.S. 18:453 (A) pursuant to this statute indicates a clear prohibition against a candidate running for two offices in the same election, in this case the offices being that of Chief of Police and the position of Home Rule Charter Commissioner.
R.S. 1:4 provides: “When the wording of a section is clear and free of ambiguity, the *244 letter of it shall not be disregarded under the pretext of pursuing the spirit.”
The legislature did not include in R.S. 18:453 (A) an exemption for home rule commissioners, as it did for political party members. Absent ambiguity in the statute, the court may not now do so.
The trial judge properly found that the defendant was in violation of the dual candidacy law. LSA-R.S. 18:494(B), which provides for the effect of sustaining an objection to candidacy, holds:
Withdrawal. When an objection to candidacy is sustained on the ground that the defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified in the primary election, the final judgment shall order the defendant to remove the grounds for the objection by withdrawing from the primary election for one or more of the offices. If the defendant fails to comply with this judgment within twenty-four hours after it becomes definitive, the court shall render judgment disqualifying the defendant as a candidate for all of the offices for which he qualified in the primary election.
The trial court correctly ordered defendant to withdraw from one of the offices involved in this litigation. For the foregoing reasons, the judgment appealed from is affirmed. Costs are taxed to the appellant.
AFFIRMED.

. All other (nominal) defendants have been properly noticed with regard to this appeal and have elected not to file appellate briefs at this time.